UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY WARREN,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF GRASS VALLEY, a public entity; WILLIAM BUTLER, in his individual and official capacity as an employee of the CITY OF GRASS VALLEY; DOES 1 through 3 in their individual and official capacities; DOES 4 through 29; and DOES 30 through 50<br><br>           Defendants. | Case No. 10-cv-1650-JAM-EFB<br><br><u>Order Granting Defendant City of Grass Valley's Motion to Dismiss</u> |

This matter comes before the Court on Defendant City of Grass Valley's ("Defendant's") Motion to Dismiss (Doc. 7) Plaintiff Roy Warren's ("Plaintiff's") Complaint (Doc. 1), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion (Doc. 11). This matter was set for a hearing on September 1, 2010, and ordered submitted on the briefs.[1] For the reasons set forth below, Defendant's motion is granted.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint was originally filed in the Nevada County Superior Court.  The complaint was removed to the District Court by Defendant (Doc. 1).  Plaintiff's complaint alleges two claims for relief against Defendant under 42 U.S.C. § 1983 ("Section 1983"), and additional state law claims for relief for violation of California Civil Code Section 52.1, personal injury, intentional infliction of emotional distress and negligent infliction of emotional distress, against defendant William Butler ("Butler"), not a party to this motion.

The complaint alleges that beginning in 1969 or 1970, when Plaintiff was approximately eleven years old, and continuing until approximately 2007, Butler repeatedly committed acts of sexual molestation upon Plaintiff.  Between 1972 and 1979, Butler was a police officer employed by Defendant.  The complaint alleges that Butler acted under color of law, committing the acts of molestation while in uniform and on duty as a police officer for Defendant. The complaint alleges that Defendant was responsible for the supervision, control and training of its employees, including Butler.  The complaint further alleges that Butler displayed weapons and used his position of power as a police officer to intimidate and manipulate Plaintiff.  Plaintiff alleges that the repeated acts of molestation as a minor caused him serious mental injuries, including post traumatic stress disorder, depression, mood swings, fear and suicidal ideation.  Plaintiff alleges that he also suffered from disassociation as a result of the molestation, and was only able to perceive the injurious nature of Butler's actions after beginning therapy in 2008.  Plaintiff commenced this

lawsuit in 2010.  Defendant now moves to dismiss the two Section 1983 claims that are brought against it.

## II.  OPINION

### A.  Legal Standard

### Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Section 1983

To prevail in this 42 U.S.C. § 1983 civil action against Defendant plaintiff must show that

> (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States.

Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted).

Municipal governments may only be sued under Section 1983 for their unconstitutional or illegal policies.  Cities may not be sued for the acts of their employees.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) (holding that "a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983").  A plaintiff may also establish Monell liability by showing that "[a] local governmental entity's failure to train its employees . . . 'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact."  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

B.  Claims for Relief

1. <u>Violation of Section 1983, First Claim for Relief</u>

The first claim for relief is brought against all defendants, including defendant and moving party herein, City of Grass Valley. The claim alleges that "Defendants" violated Plaintiff's Fourth and Fourteenth Amendment rights by repeatedly subjecting him to unreasonable seizure and excessive and unreasonable force by repeatedly committing and/or allowing acts of sexual molestation upon Plaintiff. The complaint does not distinguish between allegations pertaining to Butler and allegations pertaining to Defendant. Defendant argues that the claim should be dismissed because it is barred by the statute of limitations, Plaintiff has failed to file the requisite Certificate of Merit, and the complaint fails to state allegations necessary to maintain a claim against Defendant.

In determining the proper statute of limitation for actions brought under 42 U.S.C. § 1983, courts look to the statute of limitations for personal injury actions in the forum state. <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004). The Ninth Circuit has held that California's one year-statute of limitations for personal injury actions applies to 1983 suits in federal court. <u>Id.</u> (citing <u>DeGrassi v. City of Glendora</u>, 207 F.3d 636, 644 (9th Cir. 2000)). The California legislature revised the relevant statute of limitations, extending it to two years, effective January 1, 2003. <u>Maldonado</u>, *supra* at 955. "In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law." <u>Mistriel v. Kern County</u>, 2007 WL 2695626, *1 (E.D. Cal. Sept. 11, 2007) (citations omitted).

Additionally, federal law determines when a civil rights claim accrues. Mistriel, *supra*, (citing Elliot v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994)). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Mistriel, *supra*, (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)).

Defendant's Motion to Dismiss argues that Plaintiff's claim is time barred under the two year personal injury statute of limitations set forth in California Code of Civil Procedure Section 335.1 ("C.C.P. § 335.1"), because Plaintiff alleges that the molestation ended in 2007, but he did not file the complaint until 2010. Plaintiff does not directly address this argument.

Instead, Plaintiff's opposition brief argues that the claim is not subject to C.C.P. § 335.1, but rather is brought pursuant to California Code of Civil Procedure Section 340.1, ("C.C.P. § 340.1") based on allegations of childhood sexual abuse. C.C.P. § 340.1(a) states that:

> In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions: (1) An action against any person for committing an act of childhood sexual abuse. (2) An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff. (3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which result in the injury to the plaintiff.

1  However, as Defendant notes, if Plaintiff intends C.C.P.
2  § 340.1 to be the basis of the claims against Defendant, there are
3  numerous problems with the complaint.  The complaint fails to
4  allege that Defendant owed a duty of care to Plaintiff, or that
5  Defendant committed an intentional act which was the legal cause of
6  the sexual abuse.  Furthermore, C.C.P. § 340.1 states that for
7  claims pursuant to § 340.1(a)(2) or (3), no action may be commenced
8  on or after the plaintiff's 26th birthday, unless the person or
9  entity knew or had reason to know or was otherwise on notice, of
10 any unlawful sexual conduct by an employee, and failed to take
11 reasonable steps.  C.C.P. § 340.1(b)(1) and (2).  There are no
12 allegations in the complaint that Defendant knew or had reason to
13 know of the alleged sexual abuse.  Thus, as Plaintiff is now over
14 50 years old, the allegations against Defendant are barred by the
15 statute of limitations.  Additionally, C.C.P. § 340.1(g) states
16 that every plaintiff 26 years of age or older at the time the
17 action is filed shall file a certificate of merit as specified in
18 subdivision (h).  The court must then review the certificate of
19 merit in camera to determine if there is sufficient cause to
20 proceed with the lawsuit.  The certificate of merit must be filed
21 before any defendants are served.  C.C.P. § 340.1(j).
22     Defendant's Reply brief points out that no certificate of
23 merit was filed prior to service, as required by the statute.
24 After Defendant's Reply was filed, Plaintiff filed a certificate of
25 merit.  (Doc. 13).
26     In short, the allegations of the complaint are not sufficient
27 to maintain the first claim for relief.  The first claim for relief
28 as plead in the complaint is barred by the statute of limitations

7

1 under C.C.P. § 335.5.  If, as Plaintiff's opposition brief argues
2 the first claim is brought based on C.C.P. § 340.1, and thus
3 potentially subject to a different statute of limitations, it lacks
4 critical allegations against Defendant that are necessary to
5 maintain the claim against Defendant under C.C.P. § 340.1.
6 Accordingly, the first claim for relief is dismissed.

        2.   <u>Violation of Section 1983, Second Claim for Relief</u>

8     The second claim for relief alleges that Plaintiff's rights
9 were violated because "Defendants" developed and maintained
10 policies or customs exhibiting deliberate indifference to the
11 constitutional rights of the persons of the County, including
12 Plaintiff, particularly with regard to preventing unwanted acts of
13 sexual misconduct, unreasonable seizure, and excessive and
14 unreasonably use of force.  The claim, which is alleged against all
15 defendants and does not differentiate between defendants, further
16 states that "it was a policy or custom of these defendants to
17 inadequately supervise and train its officers, . . . these
18 defendants did not require adequate investigation and/or discipline
19 of officers who engage in police misconduct . . . the above
20 described policies and customs demonstrated deliberate indifference
21 on the part of policymaking persons with the County . . ."
22 (Complaint, ¶30-32).
23     Both Defendant and Plaintiff include the second claim for
24 relief with the first claim for relief in their respective
25 analysis, raising the same arguments for and against dismissal of
26 the second claim as raised for and against dismissal of the first
27 claim.  Defendant argues that the claim is barred by the statute of
28 limitations in C.C.P. § 335.1, and if Plaintiff is basing the claim

on C.C.P. § 340.1 then the complaint lacks critical and necessary allegations regarding Defendant's knowledge of the abuse and duty of care owed to Plaintiff.  Plaintiff's opposition brief alleges that the second claim is also based on C.C.P. § 340.1, and requests leave to amend to raise allegations of Defendant's duty of care.

Municipal governments may only be sued under Section 1983 for their unconstitutional or illegal policies.  Monell, 436 U.S. at 694.  A plaintiff may also establish Monell liability by showing that "[a] local governmental entity's failure to train its employees . . . 'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact."  Lee, 250 F.3d at 681.

Plaintiff's second claim for relief raises only conclusory allegations of an improper or unconstitutional policy maintained by Defendant, and a conclusory allegation of failure to properly train and supervise.  The conclusory allegations are not supported by any factual allegations against Defendant.  Furthermore, as discussed in relation to the first claim for relief, if Defendant is relying on C.C.P. § 340.1 as the basis of the claim, he has failed to raise the necessary allegations against Defendant, and the claim may be time barred due to Plaintiff's age.  If Plaintiff is relying on C.C.P. § 335.1 to provide the relevant statute of limitation, the claim as plead is barred by the two year statute of limitations set forth in the statute.  Accordingly, the second claim for relief is also dismissed.

3. Failure to File Certificate of Merit

As discussed above, C.C.P. § 340.1 sets forth specific procedures that plaintiffs over the age of 26 must follow prior to

9

serving a complaint based on childhood sexual assault. The Certificate of Merit must be accompanied by an affidavit from plaintiff's attorney attesting that the attorney has reviewed the facts of the case, consulted at least one mental health practitioner who is familiar with the facts and issues of the action, and on the basis of the review and consultation that there is meritorious cause for filing the action. The Certificate of Merit requires the psychologist who has evaluated the plaintiff to state whether the practitioner has concluded on the basis of her knowledge of the facts and issues, and in her professional opinion, that the plaintiff has been subject to childhood sexual abuse.

Here, Plaintiff's lawyer has attested that he has concluded Plaintiff has meritorious cause for filing the instant action. However, the Court has reviewed in camera the psychologist's report attached to the late filed Certificate of Merit, and finds that it does not support such a conclusion. Thus, even if Plaintiff were to have followed proper procedure in filing the Certificate of Merit, the Court would not permit the case to proceed against Defendant.[2]

## III. ORDER

For the reasons set forth above, Defendant City of Grass Valley's Motion to Dismiss the First and Second Claims for Relief

---

[2] The Court notes that a default judgment was taken against defendant William Butler. Mr. Butler has filed a motion to set aside the default judgment. The Court is not considering the allegations against Mr. Butler at this time, as they are not before the Court. However, the Court notes the procedural deficiencies and the deficiencies in the Certificate of Merit that Plaintiff will need to overcome should the Court set aside the default.

10

against it is GRANTED, WITH PREJUDICE.  Defendant City of Grass Valley is dismissed from this case.

IT IS SO ORDERED.

Dated: December 10, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE