UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY WARREN,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF GRASS VALLEY, a public entity; WILIIAM BUTLER, in his individual and official capacity as an employee of the CITY OF GRASS VALLEY; DOES 1 through 3 in their individual and official capacities; DOES 4 thorough 29; and DOES 30 through 50,<br><br>               Defendants. | Case No. 2:10-CV-1650-JAM-EFB<br><br>ORDER GRANTING DEFENDANT WILLIAM BUTLER'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND QUASH SERVICE |

This matter is before the Court on Defendant William Butler's ("Defendant's") Motion to Set Aside Entry of Default and Quash Service (Doc. #17), pursuant to Federal Rules of Civil Procedure 4 and 55. Plaintiff Roy Warren ("Plaintiff") opposes the motion (Doc. #20). This matter was set for hearing on January 26, 2011, and ordered submitted on the briefs.[1] For the reasons set forth below, the motion is GRANTED.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 230(g).

1

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in the Nevada County Superior Court, and it was removed to this Court by Defendant City of Grass Valley (not a party to this motion), on June 28, 2010. Plaintiff requested entry of default on July 30, 2010, and the Clerk entered default as to Defendant on August 2, 2010. Defendant filed the present motion to set aside entry of default and quash service on November 8, 2010. The Court has since dismissed Defendant City of Grass Valley from the case, accordingly only Defendant Butler remains in the case. However, the Court will not consider the merits of any of the allegations against Defendant at this time. Defendant argues that service of process on him was never properly effectuated, and should therefore be quashed. Defendant further argues that because service was not proper, the entry of default was also improper and should be set aside. Plaintiff argues that substitute services was effectuated, thus the entry of default should not be set aside.

II. OPINION

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 4(e)(2)(B) and (C), and California Code of Civil Procedure ("CCP")Section 415.20 govern substitute service of the summons and complaint. Under the federal rule, a copy of the summons and complaint may be left at an individual's dwelling with someone of suitable age and discretion who resides there, or to an authorized agent for service of process. Under state law, substitute service may be effected by leaving a copy of the summons and complaint at a defendant's

1  dwelling, usual place of abode, usual place of business, or usual
2  mailing address, with a person at least 18 years old, and
3  thereafter a copy must be mailed to the same address where the
4  summons and complaint were left.  CCP § 415.20(b).
5       Default is properly set aside where a party acts within a
6  reasonable amount of time and establishes a valid basis for relief.
7  S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1164-65
8  (9th Cir. 2007).  Under Rule 55(c), the court may set aside entry
9  of default by the Clerk of the Court for "good cause" shown.  The
10 Ninth Circuit has identified three relevant factors for determining
11 "good cause": (1) whether the defendant's culpable conduct led to
12 the default; (2) whether the defendant has a meritorious defense;
13 and (3) whether setting aside default would prejudice the
14 plaintiff.  TCI Group Life Insurance Plan v. Knoebber, 244 F.3d
15 691, 696 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463
16 (9th Cir. 1984)).  The court has broad discretion in resolving a
17 Rule 55(c) motion to set aside an entry of default.  Mendoza v.
18 Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) (stating
19 that, "doubt, if any, should be resolved in favor of the motion to
20 set aside the [default] so that cases may be decided on their
21 merits.") (internal citation omitted).
22      Plaintiff attempted to serve Defendant (via substitute service
23 on an adult occupant) at an address in California on June 6, 2010.
24 However, Defendant does not reside in California, nor at the
25 address where service was attempted.  Plaintiff does not show that
26 the address where substitute service was attempted was Defendant's
27 usual dwelling or mailing address.  Moreover, upon learning that
28 Defendant might not reside in California, Plaintiff did not attempt

3

further service.  The papers show that Plaintiff's lawyer knew that service had not been properly effected, but proceeded with the request for entry of default.  Accordingly, service of the summons and complaint is quashed, and the entry of default is set aside. As this case is only at the very early stages, Plaintiff will not be prejudiced by the Court setting aside the entry of default. Having reviewed the papers, the Court finds good cause to set aside the entry of default, so that the case may be resolved on the merits.

## III. ORDER

For the reasons set forth above, the motion to quash service and set aside the entry of default is GRANTED.

IT IS SO ORDERED.

Dated: February 9, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE